# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1971
LT Case No. 2021-SC-006219

_____

DUNMAR ESTATES HOMEOWNER'S
ASSOCIATION, INC., and EMPIRE
MANAGEMENT GROUP, INC.,

     Petitioners,

     v.

LISA REMBERT,

     Respondent.

_____

Petition for Certiorari Review of Order
from the County Court for Seminole County.
Carsandra Buie, Judge.

Jason P. Del Rosso, and Correy B. Karbiener, of Moran Kidd
Lyons Johnson Garcia, P.A., Orlando, for Petitioners.

Lisa Rembert, Orlando, pro se.

March 1, 2024

HARRIS, J.

     Dunmar Estates Homeowner's Association, Inc. ("DEHOA") and Empire Management Group, Inc. ("Empire") (collectively, "Petitioners") filed a petition for writ of certiorari seeking an order quashing the trial court's order denying their motion to dismiss.

Specifically, Petitioners argue that Respondent, Lisa Rembert, failed to comply with the requirement to demand pre-suit mediation prior to filing her lawsuit against Petitioners for failure to provide her access to official homeowners' association records. In its order, the trial court found that pursuant to section 720.311(2)(a), Florida Statutes (2021), pre-suit mediation is not a condition precedent to filing a lawsuit for failure to provide access to records. This was error and we grant the petition.

In 2021, Rembert requested all records, including emails, from January 1, 2020, to present from DEHOA, the homeowner's association for the community in which Rembert lived. Upon inspection of the records, Rembert concluded that she was denied access to all the requested records. She ultimately filed an amended statement of claim seeking a judgment against Petitioners for failing to provide her timely access to records pursuant to section 720.303(5), Florida Statutes (2021). She claimed that all conditions precedent were complied with and that pre-suit mediation was not required pursuant to section 720.311(2)(a) for her to file the lawsuit. Rembert requested and sought damages, costs, and fees and that the Petitioners produce records.

Section 720.311(2)(a) provides that an "aggrieved party" is required to serve a demand for pre-suit mediation before filing a lawsuit if there is a dispute between the parcel owner and the association about: (1) use of or changes to owner's parcel, common areas; (2) covenant enforcement; (3) amendments to association documents; (4) board and committee meetings; and (5) access to official association records. Thus, Rembert, as the aggrieved party, was required to serve her demand for pre-suit mediation on the association prior to filing lawsuit. Rembert's argument that she complied by including a general notice about mediation with her initial summons evidences a clear failure to comply with the condition precedent of sending the demand for pre-suit mediation prior to filing the lawsuit. § 720.311(2)(a), Fla. Stat. (2021).

In establishing that their motion to dismiss was denied based on the erroneous determination that section 720.311(2)(a) did not require a demand for pre-suit mediation, Petitioners have sufficiently shown irreparable harm. Next, we must determine

2

whether the trial court departed from the essential requirements of the law.

A trial court's ruling that fails to follow the plain language of a statute can constitute a departure from the essential requirements of the law. *See State v. Patterson*, 325 So. 3d 142, 144 (Fla. 5th DCA 2020) (holding certiorari relief is warranted when trial court grants defendant post-arrest release in violation of plain language of the statute); *see also Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 890 (Fla. 2003) (finding that departure from essential requirements of law can be shown by a controlling statute). As such, the trial court's order departed from the essential requirement of the law by failing to follow the plain language of section 720.311(2)(a).

Having established entitlement to certiorari relief, we grant the Petition and quash the order denying Petitioners' motion to dismiss.

PETITION GRANTED; ORDER QUASHED.

MAKAR and LAMBERT, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

3